**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

COREY FRANCIS,

                         Plaintiff,

           - v -                                             Civ. No. 9:13-CV-250
                                                                                (GTS/RFT)

DAVID PRESSER, *Dental Physician, Clinton*
*Correctional Facility*,

                         Defendant.

**APPEARANCES:**                                   **OF COUNSEL:**

COREY FRANCIS
Plaintiff, *Pro Se*
043-219-916
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, New York 14020

HON. ERIC T. SCHNEIDERMAN                  MICHAEL G. McCARTIN, ESQ.
Attorney General of the State of New York          Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Corey Francis, an inmate currently incarcerated at Buffalo Federal Detention Facility, brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was in the custody of the New York Department of Corrections and Community Supervision. Dkt. No. 1, Compl. Specifically, Plaintiff complains that Defendant David Presser, D.D.S., delayed his dental care while Plaintiff was housed in Clinton Correctional Facility in violation of the Eighth Amendment.

Currently before the Court is Defendant's Motion for Summary Judgment, filed pursuant to Federal Rule of Civil Procedure 56. Dkt. No. 43. Plaintiff opposes the Motion. Dkt. No. 46. For the reasons that follow, it is recommended that Defendant's Motion be **granted** and this action be **dismissed**.

## I. BACKGROUND

The following material facts are undisputed.

The relevant events raised in this action concern the dental care Plaintiff received from August through November 2012 while at Clinton. On August 22, 2012, Francis was seen by Dr. Presser at Clinton, where Presser has been employed as a part-time dentist since September 2010. Dkt. No. 43-4, David B. Presser, D.D.S., Decl., dated Apr. 30, 2014, at ¶¶ 1 & 16. On that date, Francis indicated that it felt like there was a hole between two of his teeth, specifically between tooth #12 and tooth #13, so Dr. Presser took a periapical x-ray. *Id.* at ¶ 16. A periapical x-ray shows the entire tooth, and the primary purpose of such an x-ray is to show if tooth decay exists. *Id.* After examination of the x-ray, Dr. Presser found decay on both of the teeth at issue, and informed Francis of the potential loss of tooth #13. *Id.* at ¶ 17. Following that visit, Dr. Presser made several notations in Francis's medical record, including Francis's complaints, the x-ray results, and a notation stating "NV do #12, excavate #13." Dkt. No. 43-5, Presser Decl. Ex. A, Dental Treatment R., at p. 4.[1]

At that time, Francis was not experiencing pain during the daytime, but rather, his pain developed at night. Dkt. No. 43-3, Michael McCartin, Esq., Decl., Ex. A, Corey Francis Dep., dated Nov. 26, 2013, at pp. 67-69 (testifying that on August 22, the day he first saw Dr. Presser, he was

---

[1] Citations to Plaintiff's medical record, attached to Dr. Presser's Declaration, are to the page numbers automatically assigned by the Court's Case Management Electronic Case Files system.

not experiencing pain during the day). On August 28, 2012, Plaintiff wrote a grievance stating he was "having pain in [his] upper side tooth" and that he "continue[s] to be in pain." Dkt. No. 46, Corey Francis Aff., dated May 9, 2014, Ex. A6. This grievance is date stamped as received on September 12, 2012. *Id.*

Notwithstanding the grievance, although Francis was seen at the medical facility several times in September and October 2012, he did not complain about any dental pain he was experiencing.[2] Presser Decl., Ex. A, Ambulatory Health Record ("AHR"), at pp. 5-6. The first time Francis requested pain medication due to pain in his upper tooth was on October 22, 2012. Francis Aff., Ex. A8, Call-Out Slip, dated Sept. 25, 2012. In response, on October 23, 2012, ten doses of ibuprofen were prescribed. Presser Decl., Ex. A, AHR at p. 8.

On November 1, 2012, Francis was again seen by Dr. Presser, who, during that visit, filled both tooth #12 and tooth #13, and made a notation in the medical record "NV EXT # 13." *Id.*, Dental Treatment R., at p. 9. Shortly after that visit, on November 13, 2012, Francis wrote a Letter addressed to "Dentist," stating that he was experiencing even more pain than he had experienced prior to the fillings and that the pain came in the form of shocks. Francis Aff., Ex. A10, Francis Lt., dated Nov. 13, 2012. Plaintiff thought there was something wrong with the fillings and requested that it be corrected. *Id.* On November 15, 2012, after receiving Francis's November 13th Letter, Dr. Presser extracted tooth #13. Presser Decl. at ¶¶ 23 & 25, & Ex. A, Dental Treatment R., at p. 9. After the extraction and the healing process, Francis was no longer in pain. Francis Dep. at pp. 86-87.

---

[2] On September 25, 2012, Francis complained of pain due to headaches, for which he sought medication. Francis Aff., Ex. A7, Call-Out Slip, dated Sept. 25, 2012. In response, Francis was given ten doses of Tylenol. Presser Decl., Ex. A, AHR at p. 6. Plaintiff was also seen by medical personnel on October 10, 2012, when he complained about problems with his eye, but still no mention of dental pain. *Id.*

## II. DISCUSSION

### A. Standard of Review

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "When a party has moved for summary judgment on the basis of asserted facts supported as required by [Federal Rule of Civil Procedure 56(e)] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v.*

*Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, mere conclusory allegations, unsupported by the record, are insufficient to defeat a motion for summary judgment. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### B. Eighth Amendment

Plaintiff claims that Dr. Presser was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. To state an Eighth Amendment claim for denial of adequate medical care, a prisoner must demonstrate that prison officials acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "[T]he plaintiff must allege conduct that is 'repugnant to the conscience of mankind' or 'incompatible with the evolving

standards of decency that mark the progress of a maturing society.'" *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir. 1992) (quoting *Estelle v. Gamble*, 429 U.S. at 102, 105-06).

To state a claim for denial of medical care, a prisoner must demonstrate (1) a serious medical condition and (2) deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994); *Hathaway v. Coughlin ("Hathaway I")*, 37 F.3d 63, 66 (2d Cir. 1994). The first prong is an objective standard and considers whether the medical condition is sufficiently serious. The Second Circuit has stated that a medical need is serious if it presents "a condition of urgency that may result in degeneration or extreme pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citation omitted). Among the relevant factors to consider are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individuals daily activities; or the existence of chronic and substantial pain." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)). The second prong is a subjective standard requiring a plaintiff to demonstrate that the defendant acted with the requisite culpable mental state similar to that of criminal recklessness. *Wilson v. Seiter*, 501 U.S. 294, 301-03 (1991); *Hathaway I*, 37 F.3d at 66. A plaintiff must demonstrate that the defendant acted with reckless disregard to a known substantial risk of harm. *Farmer v. Brennan*, 511 U.S. at 836. This requires "something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835; *see also Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996) (citing *Farmer*). Further, a showing of medical malpractice is insufficient to support an Eighth Amendment claim unless "the malpractice involves culpable recklessness, i.e., an act or a

failure to act by the prison doctor that evinces 'a conscious disregard of a substantial risk of serious harm.'" *Chance v. Armstrong*, 143 F.3d at 702 (quoting *Hathaway v. Coughlin ("Hathaway II")*, 99 F.3d 550, 553 (2d Cir. 1996)); *see also Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (citations omitted).

Generally, cavities are not considered to be serious medical conditions, however, there are instances where such a condition could be considered degenerative in the sense that, if neglected, there exists the potential for serious complications overtime. *See, e.g., Harrison v. Barkley*, 219 F.3d 132, 136-37 (2d Cir. 2000) (reiterating the holding in *Chance* to support the proposition that dental conditions "vary in severity and that a decision to leave a condition untreated will be constitutional or not depending on the facts of the particular case"). In those instances, the delay and "failure to provide appropriate treatment might well violate the Eighth Amendment." *Id*. at 137 (quoting *Chance*, 142 F.3d at 702).

In the case at bar, Plaintiff claims that after the cavities were discovered by Dr. Presser on August 22, 2012, he suffered in agony for over two months until November 1, 2012, when the cavities were filled, and November 15, 2012, when his tooth was extracted. *See generally* Compl. Although, Francis complained of dental pain on August 28, 2012 and October 22, 2012 (both of which were remedied with pain medication), the first indication in the record of any severe, debilitating pain was in a letter, dated November 13, 2012, written shortly after Dr. Presser filled the two cavities. Francis Aff., Exs. A6, A8, & A10. Otherwise, any indication of pain was either not made in reference to his teeth or simply requests for pain medication, which were prescribed. *Id*., Exs. A7-A9; Presser Decl., Ex. A, at pp. 6-10; *see supra* note 2. Under such circumstances, the Court finds that these uncontested, material facts are distinguishable from those instances where a

delay in dental treatment constitutes a serious medical deprivation.  As noted by the Second Circuit, "[a]bsent intense pain or other exigency, the treatment of a cavity . . . can safely be delayed[.]" *Harrison v. Barkley*, 219 F.3d at 137.  Thus, this Court finds, as supported by the record, that the Francis's cavities, although a condition worthy of treatment from a doctor, did not inhibit his daily activities nor were the cause of chronic pain, and thus, do not constitute a sufficiently serious condition within the confines of the Eighth Amendment.

But, even if the Court were to find that the delay in treating Plaintiff's cavities and tooth pain constituted an objectively serious medical condition, the Court does not find any evidence in the record which would evince the requisite subjective culpability on Dr. Presser's part.  Indeed, it cannot be said that Dr. Presser acted with reckless disregard to a known substantial risk of serious harm.  *See Farmer v. Brennan*, 511 U.S. at 837; *Hathaway I*, 37 F.3d at 66.

First, as previously noted, it is clear from the record that the first instance where Francis indicates that he was suffering from any <u>severe</u> pain was when he wrote his November 13th Letter, after the cavities had been treated on November 1st.  Francis Aff., Exs. A7-A9; Presser Decl., Ex. A, at pp. 7-10.  Prior to that Letter, Francis indicated he was suffering pain because of his teeth on two other occasions, August 28, 2012 and October 22, 2012, and on both occasions he was prescribed pain medication.  Francis Aff., Exs. A6 & A8.  Additionally, the November 13th complaint of pain was promptly addressed on November 15th with the excavation of tooth # 13.  Presser Decl., Ex. A, Dental Treatment R.  Furthermore, the record indicates that after recovering from the November 15th procedure, all of Francis's pain ceased.  Francis Dep. at p. 86.  While Francis may be displeased with the amount of time between his initial visit and the follow-up treatment, such displeasure fails to rise to the level of an Eighth Amendment violation.  And, upon

learning of Plaintiff's self-ascribed debilitating pain following the fillings, the extraction of tooth #13 was performed expeditiously. It is clear from the uncontested record that Dr. Presser provided adequate treatment and did not disregard any substantial risk to Francis's health.

In light of the above, the Court recommends **granting** Defendant's Motion for Summary Judgment.[3]

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion for Summary Judgment (Dkt. No. 43) be **GRANTED** and this action be **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

---

[3] Because we find that Plaintiff failed to establish an Eighth Amendment violation, we need not consider Defendant's Qualified Immunity defense. *Saucier v. Katz*, 533 U.S. 194, 201 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.").

Date: March 9, 2015
     Albany, New York

                                              Randolph F. Treece
                                              U.S. Magistrate Judge